225 P.2d 39

**DAUM v. GERMAN et al.**

**No. 5344.**

Supreme Court of Arizona.

Dec. 11, 1950.

Leonard S. Sharman, Phoenix, for petitioner.

Robert E. Yount, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission.

STANFORD, Justice.

On Saturday, August 20, 1949, this petitioner, Ernie Daum, with Paul Henshaw and Rush Alexander, came to Casa Grande from a mine, some 42 miles south of that place, where they had been engaged in a mining operation.

Russell F. German, defendant-employer herein, conducted a large store on the outskirts of Casa Grande, and prior to the 20th of August, German had approached this petitioner on two different occasions for the purpose of hiring him to work on a building which German was erecting adjacent to his store and also to work on his trucks. The testimony shows that petitioner herein was qualified as a carpenter and a mechanic.

On the evening of Saturday, August 20th, while petitioner was at the store, he informed German that he was not satisfied with the mine operations and asked if he still had a job for him, and German told him to start to work Sunday, August 21st, as a carpenter on his new building.

Petitioner had made arrangements to return to the mine that night and get his clothing and personal effects, but while still in the store, someone came and reported to German that one of his trucks was off the road about two miles out on the highway known as the Chu Chu Road. Testimony shows that German then asked petitioner if he wanted to get in a couple of hours of work that night by going out to assist in getting the truck, and he agreed to go.

Rush Alexander and Paul Henshaw were both in the store at that time and German asked Alexander to assist in getting the truck. They then proceeded to get another truck belonging to German to go to the scene, but because the lights on the truck would not operate, German arranged for the pick-up truck belonging to Paul Henshaw.

The disabled truck was found resting on a bridge crossing an irrigation ditch, with two wheels on and two wheels off. The front end of the disabled truck was chained to the rear of the Henshaw truck, and by a series of jerks, it was dragged across the bridge and back on to the road.

When the trucks were chained together, petitioner and others got into the rear of the pick-up, for the purpose of holding it down. As the disabled truck was jerked on to the road, it rolled ahead, striking the rear of the pick-up. Petitioner was then thrown, or fell off, and as the disabled truck came ahead the second time,

its right front wheel rolled over him, breaking his back and paralyzing him.

Petitioner's claim for compensation was denied by the Industrial Commission, and on rehearing the Commission's Order and Findings were affirmed. It is from the Award of the Commission, denying the petitioner relief, that this matter has come before us on certiorari.

The first assignment of error presented by the petitioner is to the effect that the Commission erred in its finding that the petitioner did not sustain a personal injury by means of an accident arising out of and in the course of his employment. We find that this assignment, stated in essence, is sufficient for us to determine this case, for it is in many respects quite similar to the second and only other assignment.

Before further entering into a discussion of petitioner's case, we quote the following from the brief of the respondent —Industrial Commission: "The question in controversy is whether or not the petitioner Ernie Daum was injured by accident arising out of and in the course of his employment by the respondent Russell German. That the petitioner suffered a severe injury on August 20, 1949, is admitted."

It is the contention of the petitioner that he was hired by German just prior to his going to assist in the removal of the truck, and thus was an employee of German, was covered by the terms of the Workmen's Compensation Act, A.C.A.1939, § 56-901 et seq., and as such was improperly denied compensation.

In the brief submitted by the Commission, there are no contentions whatsoever, that the petitioner was not assisting the respondent-German in some capacity, and from the Findings made by the Commission on Sept. 6, 1949, we quote: "(2) That at the time of said accident, said applicant was employed in the State of Arizona by the above-named defendant employer, (Russell German) who, at the time of said accident, had in service, three or more workmen, including said applicant, who were subject to the provisions of The Arizona Workmen's Compensation Law."

It will be noted that the findings made by the Commission on this date, have remained uncontradicted, even after the rehearing was conducted on the matter and testimony taken, at which time the defendant German testified that he specifically requested that petitioner go out and assist in the operation. The entire Findings, as made on the 6th of Sept., were thereafter affirmed by the Commission on January 14, 1950.

We think it clear, after a thorough examination of the record, that there is sufficient evidence to support the above quoted Finding No. 2, of the Commission, and this finding is in no manner contested.

The only argument advanced by the Commission, is that petitioner was an in-

dependent contractor, at the time of the accident, and as such was not entitled to the benefits of the Workmen's Compensation Act. This contention is entirely disposed of by the above quoted Finding No. 2, of the Commission. If petitioner was an independent contractor at the time of the accident, he clearly could not have been an employee subject to the provisions of the Act.

This leaves but one question for discussion by the court: Was the petitioner acting within the scope of his employment at the time of the accident? The record herein undisputedly shows that the petitioner was, at the time of the accident, employed by defendant German for one purpose only: that of removing the truck from the bridge. He was to start to work for German the following morning as a carpenter, but those duties had not yet started and were not to start until the next day. So, if petitioner Daum was in the employ of German at all, and indeed we find nothing but affirmative evidence to this end, including the finding of the Commission, supra, he was employed *only* to assist in the removal of the truck from the bridge which he was doing.

The finding of the Commission, showing: (1) That petitioner was an employee of defendant German at the time of the accident; (2) That he was such employee as was entitled to the benefits of the Workmen's Compensation Act, and in absence of any evidence in the record showing that petitioner was engaged in any activity other than that for which he was employed, we can find nothing whatsoever to support the Award made by the Commission, and direct that the said Award be set aside.

Award set aside.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concurring.